IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CR. NO. 2:06cr169-WHA |
| ) | |
| CECILLO PACHACHE; ) | |
| DEMETRIOUS TERRELL PEGUES; ) | |
| CLIFF JOHNSON; ) | |
| TERRENCE ANTWAN NEWKIRK, ) | |
|     a.k.a. Rock and Rocky; ) | |
| CHARLES DANIEL CRAIG; ) | |
| KOWOSKY TYWAN CHRISTIAN; ) | |
| CHRISTOPHER IMAN ULMER; ) | |
| DEMETRIA MILLS; ) | |
| DARRYL LAMONT BROWN; ) | |
| DARNELL MONTREZE BROWN; ) | |
| RODRIGUEZ CHILDRES; ) | |
| ROGER WALTON; ) | |
| JAMES EARL HUBBARD; ) | |
| JAMES CALVIN TALLEY, ) | |
|     a.k.a. Noosie; ) | |
| WILMONT TIMOTHY BARNETT; and ) | |
| WILLIAM EARL ULMER, ) | |
|     a.k.a. Michael Ulmer. ) | |

GOVERNMENT'S APPLICATION FOR ORDER REGARDING
CRIMINAL FORFEITURE OF ONE 2002 CHEVROLET TAHOE
IN GOVERNMENT CUSTODY
18 U.S.C. § 983(a)(3)(B)(ii)(II)

The United States of America, through its counsel, hereby moves for an order allowing the Government to maintain custody of property already in the Government's possession pending the resolution of a criminal forfeiture matter. In support of its motion, the Government says the following:

On October 19, 2005, agents of the Drug Enforcement Administration (hereinafter, "DEA") seized One 2002 Chevrolet Tahoe VIN: 1GNEC13Z52R236758 (hereinafter, "the seized asset") from Demetria Mills for the purpose of initiating civil forfeiture

proceedings. In accordance with Title 18, United States Code, Section 983(a)(1), the DEA sent notice to the defendant of its intent to forfeit the seized asset in a non-judicial forfeiture proceeding, and caused that notice to be published in a newspaper of general circulation.

On January 13, 2006, defendant Demetria Mills filed a claim contesting the administrative forfeiture pursuant to Title 18, United States Code, Section 983(a)(2). Consequently, pursuant to Title 18, United States Code, Section 983(a)(3), the United States was required to (1) return the property to defendant, (2) commence a civil judicial forfeiture action, or (3) commence a criminal forfeiture action by including the seized asset in a criminal indictment.

On March 29, 2007, the Government elected the third option when it filed its Bill of Particulars concerning the seized asset. The indictment obtained June 11, 2006 is now unsealed and pending in this Court.

Title 18, United States Code, Section 983(a)(3)(B)(ii)(II) provides that when the Government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." The applicable forfeiture statute in this case is Title 21, United States Code, Section 853. That statute prescribes

several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself. See In re 2000 White Mercedes ML320, 220 F.Supp.2d 1322 (M.D.Fla. 2001)(if property is already in Government custody, no Section 853(f) seizure warrant can be issued, as an order under Section 853(e) would be sufficient to preserve the property), affirming 174 F.Supp. 2d 1268 (M.D.Fla. 2001).

Second, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. Again, as courts have pointed out, it is unnecessary to issue an order enjoining the Government from disposing of property that the Government has taken into its custody for the purpose of forfeiture, and that the Government has represented it will preserve for that purpose through the conclusion of the pending criminal case. Id., 174 F.Supp.2d 1268 (M.D.Fla. 2001).

Finally, as Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture. One court has suggested that this provision is the one that should be involved when the Government seeks to comply

with Section 983(a)(3)(B)(ii)(II). <u>In re 2000 White Mercedes ML320</u>, 220 F.Supp.2d 1322, n.5 (M.D.Fla. 2001) (noting that Section 853(e)(1) was not limited to injunctions and restraining orders, and suggesting that "there might be some order short of an injunction or restraining order that will assure the availability of the property subject to forfeiture" when it is already in Government custody).

In this case, the seized asset is already in Government custody and the Government must preserve the asset for the purpose of forfeiture through the conclusion of the pending criminal case. Hence, neither a seizure warrant under Section 853(f) nor a restraining order or injunction under Section 853(e) is required to preserve the property for forfeiture. <u>See</u> <u>White Mercedes</u>, 174 F.Supp.2nd 1268 (M.D.Fla. 2001)(the law should not be interpreted to require the courts to do useless and unnecessary things). Rather, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an Order from this Court stating that the United States and its agencies, including DEA and/or the United States Marshals Service, may continue to maintain custody of the seized asset until the criminal case and the related forfeiture matter regarding this property are concluded.

WHEREFORE, pursuant to Section 853(e)(1), the United States respectfully moves this Court to issue an order directing that the United States may maintain custody of the seized asset through the

conclusion of the pending criminal case and the related forfeiture matter, and stating that such order satisfied the requirements of Title 18, United States Code, Section 983(a)(3)(B)(ii)(II).

A proposed Order is attached.

Respectfully submitted this 29th day of March, 2007.

```
                        FOR THE UNITED STATES ATTORNEY
                              LEURA G. CANARY



                         /s/John T. Harmon
                        John T. Harmon
                        Assistant United States Attorney
                        Office of the United States Attorney
                        Middle District of Alabama
                        One Court Square, Suite 201 (36104)
                        Post Office Box 197
                        Montgomery, Alabama 36101-0197
                        Telephone:(334) 223-7280
                        Facsimile:(334) 223-7560
                        E-mail: John.Harmon@usdoj.gov
```

CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                    /s/John T. Harmon
                    John T. Harmon
                    Assistant United States Attorney