| Title Pledge Record No : 841743 | | Pawn Ticket | | Transaction Date 02/10/2005 | |
|---|---|---|---|---|---|
| PAWNBROKER. NAME TitleMax of Alabama, Inc. d/b/a TITLEMAX OF TUSCALOOSA # | | | | FAX NUMBER (205) 752-1750 | |
| PAWN LENDER HOURS OF OPERATION: Monday to Friday 9 A.M. to 6 P.M. Saturday 10 A.M. to 2 P.M. CLOSED ON | | CITY TUSCALOOSA | | STATE AL | ZIP CODE 35401 |
| | | | | PRIMARY CONTACT PERSON JONATHAN SHARPE | |
| PLEDGOR: FIRST NAME DEMETRIA | MIDDLE NAME | LAST NAME MILLS | SOCIAL SECURITY NO 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 | DRIVER'S LICENSE NO./STATE ID NO. 7711359 | |
| RESIDENCE STREET ADDRESS 2723 8TH ST APT A | | | CITY TUSCALOOSA | STATE AL | ZIP CODE 35401 |
| HOME PHONE | CELL PHONE | RACE BLACK | SEX FEMALE | HEIGHT 510 | DATE OF BIRTH 09/19/1974 |
| CO-PLEDGOR: FIRST NAME | MIDDLE NAME | LAST NAME | SOCIAL SECURITY NO. | DRIVER'S LICENSE NO./STATE ID NO. | |
| RESIDENCE STREET ADDRESS | | | CITY | STATE | ZIP CODE |
| HOME PHONE | CELL PHONE | RACE | SEX | HEIGHT | DATE OF BIRTH |

| MOTOR VEHICLE: TITLE CERTIFICATE NUMBER 33734454 | STATE AL | | | LICENSE PLATE NUMBER DEEM |
|---|---|---|---|---|
| YEAR 2002 | MAKE CHEVROLET | MODEL TAHOE | TYPE | COLOR PEWTER |

FEDERAL TRUTH-IN-LENDING DISCLOSURES

Payment Schedule: One payment in the amount of $3,849.65 due on Saturday (day of week), 3 (month) 12 (day), 05 (year).
Security: You are giving a security interest in the Motor Vehicle
Prepayment: If you pay off early, you will not be entitled to a refund of part of the finance charge.
See the terms below and on the other pages of this Pawn Ticket for any additional information about nonpayment, default and prepayment refunds

Itemization of Amount Financed:
1  $ 3,500.00  Amount given to you directly.
2  $ 0.00  Amount paid on account no _____ with us
3  $ 0.00  Amount paid to others on your behalf (title fees)

...onal Terms and Conditions of the Pawn Ticket

**Prepayment.** You may prepay in full at any time the amount owing to redeem the pawned item and will not incur an additional charge or fee. However, because the finance charge (pawnshop charge) is earned, due, and owing as of the date of the pawn transaction, you will not be entitled to a rebate and refund of any part of the finance charge.

**Representations and Warranties.** You verify that you are the rightful owner of the goods or are entitled to sell or pledge the goods. You verify that you are 19 years of age or older.

**Default.** Because you have no obligations to redeem the pledged goods or pay us any amount hereunder, you will only be in default if the representations and warranties you make herein are false. In the event of default, we may exercise our rights under Alabama law.

**Nonredemption and Forfeiture.** You shall have no obligation to redeem pledged goods or make any payment on this pawn transaction. Pledged goods not redeemed within 30 days following the originally fixed maturity date shall be forfeited to us and absolute right, title, and interest in and to the goods shall vest in us, unless you request and we grant a deferral. You shall have no obligation to redeem pledged goods or make any payment on this pawn transaction even if it has been deferred. Pledged goods not redeemed within 30 days following any deferred maturity date shall be forfeited to us and absolute right, title, and interest in and to the goods shall vest in us.

**Lost Goods or Tickets.** Any person properly identified as pledgor or as authorized representative of the pledgor and presenting the pawn ticket to us shall be entitled to redeem or repurchase the pledged goods described herein. If the pawn ticket is lost, destroyed, or stolen, you shall so notify us in writing, and receipt of this notice shall invalidate the pawn ticket, if the pledged goods have not previously been redeemed. Before delivering the pledged goods or issuing a new pawn ticket, we shall require you to make a written statement of the loss, destruction, or theft of the ticket. We are entitled to a fee not to exceed five dollars in connection with each lost, destroyed, or stolen pawn ticket and the taking of a properly prepared written statement for the pawn ticket.

**Lien and Late Redemption.** We shall have a lien on the pledged goods pawned for the money advanced and the pawnshop charge owed, but not for other debts due to us, subject to the rights of other persons who have an ownership interest or prior liens in the pledged goods. We shall retain possession of the pledged goods except as otherwise herein provided and by applicable law until the lien is satisfied. Pledged goods not redeemed on or before the maturity date set out in this pawn ticket or a subsequently extended maturity date, shall be held by us for 30 days following that date and may be redeemed or repurchased by you within the period by the payment of the originally agreed redemption price, and by the payment of an additional pawnshop charge equal to the original pawnshop charge.

**Governing Law and Assignment.** This Pawn Ticket shall be governed by the laws of the State of Alabama, except that the arbitration provision is governed by the Federal Arbitration Act ("FAA"). We may assign or transfer this Pawn Ticket or any of our rights hereunder.

**WAIVER OF JURY TRIAL AND ARBITRATION PROVISION.** Arbitration is a process in which persons with a dispute: (a) waive their rights to file a lawsuit and proceed in court and to have a jury trial to resolve their disputes; and (b) agree, instead, to submit their disputes to a neutral third person (an "arbitrator") for a decision. Each party to the dispute has an opportunity to present some evidence to the arbitrator. Pre-arbitration discovery may be limited. Arbitration proceedings are private and less formal than court trials. The arbitrator will issue a final and binding decision resolving the dispute, which may be enforced as a court judgment. A court rarely overturns an arbitrator's decision. **THEREFORE, YOU ACKNOWLEDGE AND AGREE AS FOLLOWS:**

1  For purposes of this Waiver of Jury Trial and Arbitration Provision (hereinafter the "Arbitration Provision"), the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation (a) all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, the validity and scope of this Arbitration Provision and any claim or attempt to set aside this Arbitration Provision; (b) all federal or state law claims, disputes or controversies, arising from or relating directly or indirectly to this Pawn Ticket (including the Arbitration Provision), the information you gave us before entering into this Pawn Ticket, any past agreement or agreements between you and us, and/or any renewal of this Pawn Ticket (c) all counterclaims, cross-claims and third-party claims; (d) all common law claims, based upon contract, tort, fraud, or other intentional torts; (e) all claims based upon a violation of any state or federal constitution, statute or regulation; (f) all claims asserted by us against you, including claims for money damages to collect any sum we claim you owe us, (g) all claims asserted by you individually against us and/or any of our employees, agents, directors, officers, shareholders, governors, managers, members, parent company or affiliated entities (hereinafter collectively referred to as "related third parties"), including claims for money damages and/or equitable or injunctive relief; (h) all claims asserted on your behalf by another person; (i) all

onal Terms and Conditions of the Pawn Ticket

claims asserted by you as a private attorney general, as a representative and member of a class of persons, or in any other representative capacity, against us and/or related third parties (hereinafter referred to as "Representative Claims"); and/or (j) all claims arising from or relating directly or indirectly to the disclosure by us or related third parties of any non-public personal information about you.

2. You acknowledge and agree that by entering into this Arbitration Provision:
   (a) YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;
   (b) YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and
   (c) YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.

3. Except as provided in Paragraph 6 below, all disputes including any Representative Claims against us and/or related third parties shall be resolved by binding arbitration only on an individual basis with you. THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.

4. Any party to a dispute, including related third parties, may send the other party written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, you shall have the right to select either of the following arbitration organizations to administer the arbitration: the American Arbitration Association (1-800-778-7879) http://www.adr.org, or National Arbitration Forum (1-800-474-2371) http://www.arb-forum.com. However, the parties may agree to select a local arbitrator who is an attorney, retired judge, or arbitrator registered and in good standing with an arbitration association and arbitrate pursuant to such arbitrator's rules. The party receiving notice of arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. If you demand arbitration, you must inform us in your demand of the arbitration organization you have selected or whether you desire to select a local arbitrator. If related third parties or we demand arbitration, you must notify us within twenty (20) days in writing by certified mail return receipt requested of your decision to select an arbitration organization or your desire to select a local arbitrator. If you fail to notify us, then we have the right to select an arbitration organization. The parties to such dispute will be governed by the rules and procedures of such arbitration organization applicable to consumer disputes, to the extent those rules and procedures do not contradict the express terms of this Pawn Ticket or the Arbitration Provision, including the limitations on the arbitrator below. You may obtain a copy of the rules and procedures by contacting the arbitration organization listed above.

5. Regardless of who demands arbitration, we will advance your portion of the expenses associated with the arbitration, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees"). Throughout the arbitration, each party shall bear his or her own attorneys' fees and expenses, such as witness and expert witness fees. The arbitrator shall apply applicable substantive law consistent with the FAA, and applicable statutes of limitation, and shall honor claims of privilege recognized at law. The arbitration hearing will be conducted in the county of your residence, or within 30 miles from such county, or in the county in which the transaction under this Pawn Ticket occurred, or in such other place as shall be ordered by the arbitrator. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. In conducting the arbitration proceeding, the arbitrator shall not apply any federal or state rules of civil procedure or evidence. If allowed by statute or applicable law, the arbitrator may award statutory damages and/or reasonable attorneys' fees and expenses. If the arbitrator renders a decision or an award in your favor resolving the dispute, then you will not be responsible for reimbursing us for your portion of the Arbitration Fees, and we will reimburse you for any Arbitration Fees you have previously paid. If the arbitrator does not render a decision or an award in your favor resolving the dispute, then the arbitrator shall require you to reimburse us for the Arbitration Fees we have advanced, not to exceed the amount which would have been assessed as court costs if the dispute had been resolved by a state court with jurisdiction, less any Arbitration Fees you have previously paid. At the timely request of any party, the arbitrator shall provide a written explanation for the award. The arbitrator's award may be filed with any court having jurisdiction.

6. All parties, including related third parties, shall retain the right to seek adjudication in a small claims tribunal for disputes within the scope of such tribunal's jurisdiction. Any dispute, which cannot be adjudicated within the jurisdiction of a small claims tribunal, shall be resolved by binding arbitration. Any appeal of a judgment from a small claims tribunal shall be resolved by